UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
:
MAY ZAKI, :
:
                      Plaintiff, :
:
         -against- : **REPORT AND**
: **RECOMMENDATION**
OTG MANAGEMENT LLC, :
OTG JFK T5 VENTURE, LLC, : 23-CV-8189 (NCM)(PK)
LAUNDRY, DISTRIBUTION, AND FOOD :
SERVICE JOINT BOARD, WORKERS :
UNITED, :
:
                    Defendants. :
:
:
:
----------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiff May Zaki ("Plaintiff") brought this action against her former employer, OTG JFK T5 Venture, LLC and OTG Management LLC (collectively "OTG" or "Employer"), as well as her union, Defendant Laundry, Distribution and Food Service Joint Board ("LDFSJP" or "Union") and the affiliated international, Workers United (with LDFSJP, the "Union Defendants," and, together with OTG, the "Defendants"). (Third Am. Compl. ("TAC") at 13, Dkt. 37.[1])

      OTG employed Plaintiff from August 2019 until April 2020, when she was laid off; she was rehired in July 2021. (TAC at 6, 13.) On February 21, 2022, OTG terminated her. (*Id.* at 8, 17.) On May 24, 2022, after a friend advised her to file a grievance, Plaintiff asked her union representative, Stanford Dempster ("Dempster"), to grieve her termination, which he did. (*Id.* at 9, 18.) The Employer denied the grievance as untimely. (*Id.* at 18.)

---

[1] References to page numbers in the Complaint (Dkt. 1), Amended Complaints (Dkts. 11, 22-2, 34), and motion for leave to file a fourth amended complaint (Dkts. 61, 64-1) are to the ECF page, not the page number that may appear on the bottom of the page.

1

In December 2022, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against OTG Management. (TAC at 24.) On August 7, 2023, the EEOC issued to Plaintiff her right to sue letter. (Rt. to Sue Ltr., TAC at 21.)

On October 30, 2023, Plaintiff commenced this action *pro se* against the Employer under Title VII, the ADEA, and the ADA, as well as claims against Dempster "and its workers union."[2] (Compl. at 1–4, 8, Dkt. 1.)

On January 5, 2024, Plaintiff amended her complaint to add United Here Local 100, a union, as a defendant. ("FAC," Dkt. 11.) The FAC also added a purported breach of contract claim under the collective bargaining agreement ("CBA"). (*Id.* at 11.)

On January 22, 2024, Plaintiff sought leave to amend her First Amended Complaint. (Dkt. 22.) The Court deemed the Second Amended Complaint ("SAC," Dkt. 22-2) filed as of February 1, 2024. (Order dated February 1, 2024.) The SAC named Workers United as an additional Defendant. (SAC at 2.)

On March 1, 2024, Plaintiff filed a Third Amended Complaint to replace United Here Local 100 with LDFSJB and to allege a breach duty of fair representation ("DFR") against the Union Defendants. (*See* TAC, Dkt. 37.) On May 31, 2024, Plaintiff withdrew her claims against Defendant Stanford Dempster. (Min. Entry and Order dated May 31, 2024.)

At the May 31, 2024 conference, Plaintiff told the Court that she intended to proceed only with a DFR claim against the Union Defendants, *not* any discrimination claims. (*Id.*) On June 18, 2024, however, Plaintiff requested that the Court allow her to bring discrimination claims against the Union Defendants. (Pl.'s Ltr., Dkt. 63.) Construing Plaintiff's letter as a request to amend the Third

---

[2] In her Complaint, Plaintiff does not clearly indicate which claims she brings against which Defendants. In her subsequent pleadings, Plaintiff has explicitly brought claims against the Union Defendants for "breach of contract (bargaining collective agreement)" (FAC at 11, SAC at 12) and "failure of representation and breach of collective agreement contract" (TAC at 12). In the instant motion, Plaintiff for the first time seeks to "add[] Discrimination Claim against Workers United, LDFSJP Union." (Mot. for Leave to Amend, Dkt. 64.)

2

Amended Complaint, the Court directed the Plaintiff to move for leave to amend her complaint (Order dated June 21, 2024), which she did on July 1, 2024 ("Mot.," Dkt. 64-1). The Union Defendants opposed. ("Opp.," Dkt. 65.)

On October 22, 2024, the Honorable Natasha C. Merle referred to me for a Report and Recommendation Plaintiff's Motion for Leave to File a Fourth Amended Complaint. For the reasons stated herein, I respectfully recommend that Plaintiff's Motion to Amend her Third Amended Complaint be granted in part and denied in part, as set forth below.

## DISCUSSION

### I. Legal Standard for Motion to Amend Complaint

Requests to amend the complaint are generally governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that once the period to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 states that "the court should freely give leave when justice so requires." *Id.*; *see, e.g.*, *Pinyuk v. CBE Grp., Inc.*, No. 17-cv-5753 (RRM)(CLP), 2019 WL 1900985, at *2 (E.D.N.Y. Apr. 29, 2019) ("Rule 15 expresses a strong presumption in favor of allowing amendment."). Leave to amend may be denied only "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Pinyuk*, 2019 WL 1900985, at *2 (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "The party opposing amendment bears the burden of demonstrating good reason for denial." *Id.* The determination of whether to grant or deny leave to amend "is within the sound discretion of the district court." *McCarthy*, 482 F.3d at 200.

A motion to amend may be denied if the proposed amendment is futile. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). A claim is not futile when it is "sufficient to withstand a motion to dismiss under Rule 12(b)(6)." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d

Cir. 2007); *see also IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."). The Court must accept all allegations in the proposed amended complaint as true and draw all inferences in Plaintiff's favor to determine whether she has stated a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quotation marks omitted). Further, pleadings of a *pro se* party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quotation marks omitted). Nevertheless, the court must dismiss a *pro se* complaint where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (alteration and internal quotation marks omitted).

## II. Futility of Plaintiff's Proposed Amendments

In her proposed Fourth Amended Complaint, Plaintiff seeks to bring new claims of discrimination against the Union Defendants pursuant to Title VII and the ADEA. (Mot. at 2.) In addition, Plaintiff seeks to plead new allegations in support of her previously-asserted breach of DFR claim against the Union Defendants. (*Id.* at 2–3; *see* TAC at 12.)

The Union Defendants oppose the proposed amendments, relying solely on futility. (Opp. at 2.)

### A. *Federal Discrimination Claims Under Title VII and the ADEA*

#### 1. <u>Timeliness of Plaintiff's Discrimination Claims Against Union Defendants</u>

The Union Defendants argue that the proposed federal discrimination amendments are futile because Plaintiff failed to exhaust her administrative remedies within the time required by the appropriate statute of limitations. (Opp. at 3.) Plaintiff does not address this argument squarely but states that she included the union in her EEOC charge. (*See* Mot. at 3 ¶ 12 ("The Union issue has been mentioned in all formal and informal EEOC[] claims . . . Union and grievance claim were first point in the charge."); EEOC Charge at 24, Dkt. 37[3] ("hiding and misinformed about grievance steps").)

Before bringing federal discrimination claims in court, a plaintiff must have exhausted her administrative remedies by filing a charge with the EEOC. 42 U.S.C. § 2000e-5(e)-(f); *see Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII and ADEA statutory schemes and, as such, a precondition to bringing such claims in federal court.") (internal citation removed); *Kilkenny v. Greenberg Traurig LLP*, No. 05 Civ. 6578 (NRB), 2006 WL 1096830, at *3 (S.D.N.Y. April 26, 2006) (same). This requirement, however, is "merely a precondition to suit" and not a jurisdictional bar. *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 384 (2d Cir. 2015). The Second Circuit explained that the required non-jurisdictional prerequisite to file a charge with the EEOC before bringing a Title VII claim may be subject to equitable defenses. *Id.* at 385-86.

In addition, before filing a federal claim, the plaintiff must have received a "right-to-sue" letter from the EEOC and then must file her lawsuit within 180 days of receiving this letter. 42 U.S.C. § 2000e-5(f)(1); *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006).

---

[3] Plaintiff attached a copy of her EEOC charge to each Complaint. Citations to the charge are to the relevant page numbers of the TAC, Dkt. 37.

5

The Union Defendants argue that Plaintiff did not file an EEOC charge against them (Opp. at 3; *see* EEOC Charge at 24) and that if she were to file a charge against them now, it would be untimely (Opp. at 4; 42 U.S.C.A. § 2000e-5(e)(1) (specifying that charge must be filed "within 300 days after the alleged unlawful employment practice occurred"; *see Sales v. N.Y.C. Transit Auth.*, No. 08 Civ. 3420 (LAP), 2010 WL 87758, at *3 (S.D.N.Y. Jan. 7, 2010) (dismissal of Title VII claim for failure to exhaust is with prejudice; to be timely, plaintiff must have filed administrative charge within 300 days of alleged discriminatory conduct)).

Plaintiff does not address this argument directly. While she contends that she "mentioned" the "union issue" in her EEOC charge and that the "union and grievance claim" was the first point in the charge (Mot. at 3), Plaintiff's EEOC charge did not name the Union Defendants as respondents, only OTG. (Opp. at 3.) Similarly, OTG is the only respondent named in the Right to Sue letter. (TAC at 33.) To the extent Plaintiff mentioned "union" in her charge, she merely alleged, "hiding and misinformed about grievance steps . . . I don't know what the union is." (EEOC Charge at 24.)

The Union Defendants argue that Plaintiff's failure to file an EEOC charge or receive a right-to-sue letter naming them bars Plaintiff from now asserting federal discrimination claims against them. (Opp. at 3–4.)

### 2. **Exceptions to Requirement to Name Union Defendants in EEOC Charge**

Courts in this Circuit have found two exceptions to the general requirement for a plaintiff to name a defendant in her EEOC charge: 1) if there is an "identity of interest" between the named and unnamed parties in the EEOC charge, *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991)); and 2) if the defendant was named in the body of the charge as having played a role in the discrimination, *Daniel v. T&M Protection Resources, Inc.*, 992 F. Supp. 2d 302, 311 (S.D.N.Y. 2014).

In assessing whether the identity of interest exception applies, the Court weighs four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the

> EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson*, 931 F.2d at 209–10.

With respect to the first factor, I find that Plaintiff could have described the role of the unnamed party in her EEOC charge. While Plaintiff stated that she did not "know what the union is" (EEOC Charge at 24), she did know Dempster and could have alleged the union's role in discriminating against her. *See, e.g.*, *Johnson*, 931 F.2d at 210 ("There is no question that Johnson was able to ascertain the role of the International Union and could have named, if he wished to, the International Union in the agency complaints."); *Parlato v. Town of E. Haven*, No. 3:22-CV-1094 (SVN), 2023 WL 5206873, at *8 (D. Conn. Aug. 14, 2023) ("Plaintiff appears to have understood that the Town played some role in the allegedly discriminatory and retaliatory conduct against her . . . and, thus, the Town should have been named as a respondent before the [agency]."); *Hanley v. Chicago Title Ins. Co.*, No. 12 CIV. 4418 (ER), 2013 WL 3192174, at *5 (S.D.N.Y. June 24, 2013) (weighing the first factor against plaintiff where "she makes reference to both parties in the body of her Affidavit in Support of the EEOC Charge"). To the extent that Plaintiff alleges the Union Defendants acted through Dempster, Plaintiff already knew his actions at the time she filed her charge and therefore would have been aware of any role the Union Defendants played in the alleged discrimination against her. As such, this factor weighs against Plaintiff.

Moreover, I find that the interests of the Employer as a named party are not similar to the Union Defendants' interests for purposes of Plaintiff's EEOC charge. (*See* Opp. at 4; *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 619 (affirming dismissal of *pro se* plaintiff's Title VII charge against union

7

where plaintiff named only his employer on his EEOC charge and there was no identity of interest between the union and employer); *Ayala v. U.S. Postal Serv.*, No. 15-CV-4919 (VSB), 2017 WL 1234028, at *5 (S.D.N.Y. Mar. 31, 2017), *aff'd sub nom. Ayala v. United States Postal Serv.*, 727 F. App'x 15 (2d Cir. 2018); *Spruill v. N.Y.C. Health & Hosp.*, No. 06 Civ. 11362, 2007 WL 2456960, at *3 (S.D.N.Y. Aug. 23, 2007) ("[U]nions and employers lack the 'clear identity of interest' required to waive the Title VII, ADA, and ADEA filing requirements") (quoting *Wells v. Mount Vernon Hosp.*, No. 01 Civ. 9129(RCC), 2002 WL 1561099, at *3 (S.D.N.Y. July 15, 2002)), *aff'd*, 367 F. App'x 269 (2d Cir. 2010).)

Further, nothing in the record suggests that the Union represented to Plaintiff that its relationship with Plaintiff was through the employer. While Plaintiff may have not understood all the differences between the Union and the Employer, by May 2022, in advance of filing her EEOC charge, Plaintiff was able to distinguish between Dempster as the union representative and "Starr" as the Human Resources representative for OTG. (*See* TAC at 18.)

Thus, although there was no actual prejudice to the Union Defendants (*i.e.*, by being deprived of the opportunity to participate in EEOC proceedings, *see Daniel*, 992 F. Supp. 2d at 312), I find that Plaintiff has not demonstrated a sufficient "identity of interest" between the Union Defendants and OTG.

The second exception that might excuse Plaintiff's failure to name the Union Defendants in her EEOC charge would apply if they are named in the body of the charge as having played a role in the discrimination. *See Daniel*, 992 F. Supp. 2d at 311 (S.D.N.Y. 2014) (collecting cases). Plaintiff appears to argue that she did, in fact, name the Union Defendants in the body of the EEOC charge. (EEOC Charge at 24 ("I don't know what the union is.").)

Although Plaintiff mentioned a "union" in her EEOC charge, the discriminatory acts she alleges there do not involve the Union Defendants. (*See id.* at 24–25 (alleging discriminatory acts committed by Employer's employees); *Ayala*, 2017 WL 1234028, at *5 (dismissing Title VII and

8

ADEA claims where plaintiff "mentioned" union in her EEO and EEOC submissions but did not state that it "played a role in the discrimination"). Plaintiff alleges in her EEOC charge that the "Hr Manager"—presumably the Employer's human resources manager—was responsible for "misinform[ing] her and hiding grievance steps and union function." (EEOC Charge at 23.) There is no allegation that the Union Defendants played any role in *discriminating* against her. All of the discrimination allegations in Plaintiff's charge involve her supervisors, co-workers, and other OTG employees, not the Union Defendants. (*See id.* at 23–24.) Even in her proposed amended complaint, Plaintiff does not allege how Dempster acted or failed to act based on discriminatory animus. (*See* Mot. at 2.)

Despite the Court analyzing Plaintiff's EEOC charge to "raise the strongest arguments that she suggests," Plaintiff nonetheless did not allege what the Union Defendants did or did not do to discriminate against her, and how those actions or omissions were motivated by discrimination as proscribed by federal law.

Accordingly, I find that Plaintiff does not qualify for either exception for failure to name the Union Defendants in her EEOC charge. Because she can now no longer file a timely charge against them, Plaintiff cannot exhaust her administrative remedies and is barred from bringing the proposed federal discrimination claims against the Union Defendants. Therefore, her proposed amendment of the complaint is futile with respect to these federal discrimination claims.

### B. Plaintiff's Potential State and City Discrimination Claims

The Union Defendants argue that, in the absence of viable federal claims, the Court should decline to exercise supplemental jurisdiction over any anti-discrimination claims arising under state or city laws that Plaintiff might bring. (Mot. at 5.) Because Plaintiff does have a viable DFR claim in the operative complaint (*see* TAC at 12), however, I consider whether any claims Plaintiff may have for

9

discrimination under New York State ("NYSHRL") or New York City ("NYCHRL") anti-discrimination laws are also futile.

### 1. Plaintiff's Allegations of Discrimination Against Union Defendants

In her proposed amended complaint, Plaintiff makes several new allegations with respect to discrimination by the Union Defendants, which can be summarized as follows:

1. That on February 17, 2022, before her termination, Plaintiff filed a timely grievance about an unspecified issue;

2. That after Dempster contacted OTG's Human Resources Department about Plaintiff's termination, he spoke with her differently and did not respond to her communications;

3. That, after her termination, Plaintiff asked Dempster what "layoff" meant on the payroll platform, but that Dempster did not respond;

4. That none of the rules and steps pursuant to the CBA were followed;

5. That the Union Defendants took part in "contradiction, manipulation, misinformation, and disregard for the worker's livelihood, the different treatment, Non-Application of Any of the Union's Agreement Rules and Regulations," in violation of Article 14 of the CBA; and

6. That the above took place because of discrimination "on the basis of gender, age, national origin, color, and race."

(Mot. at 2–3.)

### 2. Legal Standard for Discrimination Claims Under NYSHRL and NYCHRL

Both New York State and New York City law make it unlawful for a labor organization to discriminate on the basis of the protected categories Plaintiff alleges: gender, age, national origin, color, and race. N.Y. Exec. Law § 296 (1)(c); N.Y.C. Admin. Code § 8-107(1)(c).

Under both the NYSHRL and NYCHRL, a plaintiff alleging discrimination need only show that she has been treated "less well than other employees on the basis of [her] protected characteristic." *Baptiste v. City University of New York*, 680 F. Supp. 3d 415, 422 (S.D.N.Y. 2023) (citation omitted); *see also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d. 51, 65-66 (S.D.N.Y. 2020) ("Unlike Title VII . . . the NYCHRL does not require a plaintiff claiming sexual harassment to prove that the conduct

was severe and pervasive, requiring only that the plaintiff demonstrate she was subjected to unwanted gender-based conduct.") (internal quotation omitted); *Wellington v. Spencer-Edwards*, No. 16-CV-6238 (AT) (JLC), 2017 WL 11512684, at *7 (S.D.N.Y. Sept. 28, 2017) ("To state a claim for [race] discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive.") (quoting *Gorokhovsky v. N.Y.C. Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (summ. order).

Courts scrutinize discrimination claims brought pursuant to the NYSHRL under the lenient pleading standard for NYCHRL claims. *See Doolittle v. Bloomberg L.P.*, No. 22-CV-09136 (JLR), 2023 WL 7151718, at *7 (S.D.N.Y. Oct. 31, 2023); *Charles v. City of New York*, No. 21-CV-05567 (JPC), 2023 WL 2752123, at *6 (S.D.N.Y. Mar. 31, 2023) (analyzing plaintiff's NYCHRL and NYSHRL claims together).

"[T]hreadbare allegations are insufficient to state a claim for discrimination even under the more permissive NYCHRL standard." *Lee v. Delta Air Lines, Inc.*, No. 22-CV-08618 (DEH) (RWL), 2024 WL 3928876, at *8 (S.D.N.Y. July 29, 2024). To survive a motion to dismiss, "an NYCHRL plaintiff must still allege facts supporting an inference of discrimination." *Baptiste*, 680 F. Supp. 3d at 422 (citing *Cooper v. Franklin Investors*, 22-CV-2763, 2023 WL 3882977 (2d Cir. June 8, 2023)); *see also Littlejohn v. City of New York*, 795 F.3d 297, 307 (2d Cir. 2015) (noting that at this early stage of the litigation, plaintiff's prima facie requirements are "relaxed"). For the plaintiff "to nudge [her] claims across the line from conceivable to plausible, [she] must raise a reasonable expectation that discovery will reveal evidence of the wrongdoing alleged, even if it strikes a savvy judge that actual proof of those facts is improbable." *Citizens United v. Schneiderman*, 882 F.3d 374, 380 (2d Cir. 2018) (cleaned up).

11

### 3. Analysis of Plaintiff's Discrimination Allegations Under NYSHRL and NYCHRL Pleading Standards

Plaintiff states that she is a "Middle East[ern] or "Arabic" woman from Iraq, born in 1971. (TAC at 6.) Accordingly, Plaintiff is a member of the protected classes of race, national origin, gender, and age.

Plaintiff argues that the Union Defendants' conduct constituted illegal discrimination on the basis of gender, age, national origin, color, and/or race. (*See* Mot. at 3.) She does not, however, allege facts that connect the Union Defendants' action or inaction to illegal discrimination or any discriminatory animus. Instead, Plaintiff argues in a conclusory manner that she believes she was discriminated against. (*Id.*) Plaintiff does not argue that Dempster failed to respond to her on the basis of her race, national origin, color, age, or gender. She also does not allege how she was treated differently from other employees who did not share her protected characteristics. While she alleges that the Union did not follow its "rules and regulations" (*id.*), Plaintiff does not claim that the Union Defendants handled grievances differently for their non-Middle Eastern or non-female members.

Accordingly, I find that Plaintiff has not alleged sufficient facts to avoid dismissal of her proposed discrimination claims against the Union Defendants under the NYSHRL or the NYCHRL, and amendment of her complaint to include these claims would be futile.

### III. Plaintiff's Proposed Allegations in Support of Her DFR Claim

Plaintiff also seeks to add new factual allegations in support of her breach of DFR claim. (*See* Mot. at 2–12.)

The Union Defendants oppose on the basis of futility, arguing that the DFR claims are preempted and, thus, time-barred. (Opp. at 5–9.) This argument fails to acknowledge that Plaintiff is not seeking to add new DFR claims but rather to plead new factual allegations in support of the claims she has already asserted against the Union Defendants in her Third Amended Complaint. (TAC at 12 ("Failure of Representation and Breach of Collective Agreement Contract"); *see also* Union Defs.'

12

Ltr. at 2, Dkt. 50 (acknowledging that Plaintiff already brought these claims against them).) The Union Defendants' argument that a previously-pled claim is pre-empted is not the proper subject for an opposition to a motion to amend.

Moreover, in assessing futility, the Court does not make credibility determinations but, as with a motion to dismiss, accepts all factual allegations as true. *Staskowski v. Cnty. of Nassau*, No. 05-CV-5984 (SJF)(WDW), 2007 WL 4198341, at *4 (E.D.N.Y. Nov. 21, 2007) ("In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is 'clearly frivolous or legally insufficient on its face.'") (internal citation omitted); *Liberty Mut. Ins. Co. v. Harvey Gerstman Assocs., Inc.*, No. 11-CV-4825 (SJF)(ETB), 2012 WL 5289606, at *13 (E.D.N.Y. Sept. 13, 2012) ("The issue is not whether plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims asserted."), *report and recommendation adopted*, No. 11-CV-4825 (SJF)(ETB), 2012 WL 5289587 (E.D.N.Y. Oct. 24, 2012). The proposed factual allegations are not clearly frivolous or legally insufficient on their face.

Accordingly, given this Circuit's strong preference for permitting leave to amend, especially for *pro se* plaintiffs, I respectfully recommend that Plaintiff be granted leave to amend her complaint to incorporate new factual allegations concerning her DFR claim.

## IV. Plaintiff's Other Proposed Amendments

Plaintiff seeks to amend her complaint in two additional ways.

First, she asks that the Court allow her to "seal" the names of certain co-workers whom she has named in prior pleadings. (*See* Mot. at 23–26.) Union Defendants do not state their position on this request. Beginning with her first Complaint, Plaintiff identified in her public filings the individuals she alleges to having been involved in the Defendants' purported unlawful conduct. (*See, e.g.*, Compl. at 14–18.) She gives no reason why their names should be redacted now.

13

There is a strong preference for public access to judicial documents. *See, e.g., Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy . . . judicial records and documents."); *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("The common law right of public access to judicial documents is said to predate the Constitution."). Accordingly, I respectfully recommend that Plaintiff not be permitted to seal the names of the individuals she has already publicly identified.

Plaintiff also asks to correct a date in her statement of claim. Defendants have not opposed. Accordingly, I respectfully recommend that Plaintiff be permitted to amend this date.

## CONCLUSION

For the above reasons, I respectfully recommend that Plaintiff's Motion to Amend her Third Amended Complaint be DENIED in that Plaintiff may not add any new claims of discrimination against the Union Defendants or seal witness names. I respectfully recommend that it be GRANTED in that she may amend the complaint to include new factual allegations concerning the breach of DFR claim and change one specified date.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         October 23, 2024

14