UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MAY ZAKI,

     *Plaintiff,*

– against –

OTG MANAGEMENT LLC, OTG JFK
T5 VENTURE, LLC, LAUNDRY,
DISTRIBUTION, AND FOOD SERVICE
JOINT BOARD, WORKERS UNITED,

     *Defendants.*

**MEMORANDUM & ORDER**
23-cv-08189 (NCM) (PK)

---

**NATASHA C. MERLE**, United States District Judge:

  This Court has received the Report and Recommendation ("R&R") on the instant case dated October 23, 2024, from the Honorable Peggy Kuo, United States Magistrate Judge. ECF No. 87. Plaintiff timely objected to the R&R. For the reasons stated below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

## BACKGROUND

  Plaintiff initially brought this action against her former employer for alleged discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 28 U.S.C. §§ 621 *et seq.*; and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 *et seq.* Compl. 1–4, ECF No. 1.[1] After three previous amendments naming additional defendants—including defendants Laundry, Distribution and Food Service Joint Board ("LDFSJB") and the affiliated

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

1

international, Workers United (together with LDFSJB, the "Union Defendants")—plaintiff indicated that she wished to bring additional claims. *See* R&R 2 (citing Pls.'s Ltr., ECF No. 63). At the Magistrate Judge's direction, plaintiff moved for leave to file a fourth amended complaint, seeking to add (i) a claim for "discrimination on the basis of gender, age, national origin, color, and race" against the Union Defendants and (ii) additional allegations regarding her claim for breach of the duty of fair representation ("DFR") against the Union Defendants. *See* R&R 4; Mot. Amend 2–3, ECF No. 64 (the "Motion"). The Union Defendants opposed plaintiff's Motion on the basis that the amendments would be futile. Mot. Amend Opp'n 5, ECF No. 65 (the "Opposition").

By R&R, Magistrate Judge Kuo recommended that the Court deny plaintiff's Motion insofar as it seeks to add any claims of discrimination against the Union Defendants or seal witness names and grant plaintiff's Motion insofar it seeks to add factual allegations regarding the existing DFR claim and correct an erroneous date in one of plaintiff's existing allegations. R&R 14. Plaintiff timely objected to the R&R. Obj., ECF No. 89 (the "Objection"). Defendants did not file an opposition to plaintiff's Objection.

## STANDARD OF REVIEW

There remains a debate as to whether a "motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling" should be reviewed pursuant to Federal Rule of Civil Procedure 72(a) or (b), which the Second Circuit has yet to resolve. *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-cv-07740, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (noting that "the Second Circuit has suggested in dicta and non-precedential opinions that a motion to amend is non-dispositive, [but] it has yet to explicitly hold so"). Many courts split the difference: a ruling denying a motion to amend is reviewed as a dispositive order pursuant to Rule

2

72(b), while a ruling granting a motion to amend is reviewed as a non-dispositive order pursuant to Rule 72(a). *See, e.g., Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-cv-03439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020) (noting that "unless the magistrate judge's decision effectively dismisses or precludes a claim, thereby rendering the motion to amend dispositive, motions for leave to amend are subject to [non-dispositive] review"). Here, Magistrate Judge Kuo recommended denial of the Motion as to plaintiffs' discrimination claim. Accordingly, the Court reviews the R&R as a dispositive ruling pursuant to Rule 72(b).

Under Rule 72(b), the Court reviews "*de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).[2] "[M]erely referring the court to previously filed papers or arguments does not constitute an adequate objection" pursuant to Rule 72(b). *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022); *see also New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate[ judge]'s recommendations."). Nor will a court consider any arguments not previously raised, but which could have been raised, before the magistrate judge. *Carpenters*, 335 F. Supp. 3d at 351.

A district court reviews "[p]ortions of a report and recommendation that are not properly objected to" for any "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir.

---

[2]    Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

3

2024); *see also Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019) ("General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error."). Nonetheless, the Court must liberally construe a "document filed *pro se*," and a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008).

## DISCUSSION

Magistrate Judge Kuo found that plaintiff's proposed amended claims against the Union Defendants would be futile. *See* R&R 9, 12. Specifically, Magistrate Judge Kuo concluded that plaintiff failed to exhaust her administrative remedies relating to her proposed federal discrimination claims, and any such administrative remedies are now time barred. R&R 9. As for any potential state discrimination claims, Magistrate Judge Kuo found that plaintiff's proposed amended complaint failed to state a claim for relief because it included only "conclusory" allegations of discrimination by the Union Defendants. R&R 12. Magistrate Judge Kuo also rejected plaintiff's request to seal the names of her co-workers based on the public's right to access judicial documents. R&R 13–14.

Plaintiff timely objected to the R&R on two grounds: (i) she discovered facts supporting a claim against the Union Defendants after she filed a charge with the EEOC against her former employer, defendant OTG[3]; and (ii) the Union Defendants had knowledge of her protected characteristics, refused to communicate regarding her employer's termination process, and failed to investigate terminations of employees

---

[3] OTG JFK T5 Venture, LLC and OTG Management LLC are collectively referred to as "OTG" in this Opinion.

4

similarly situated. Obj. 1. For the reasons stated below, the Court rejects these objections after *de novo* review. Plaintiff did not object to Magistrate Judge's Kuo's recommendation to deny sealing of witness names, *see* R&R 13–14, and defendant did not object to the recommendation to allow plaintiff to correct a date in the third amended complaint, *see* R&R 14. The Court finds no clear error as to these recommendations. Accordingly, the Court adopts the R&R in its entirety.

I.   Objection: Administrative Exhaustion

Plaintiff objects to the R&R on the basis that her "out of time discovery of facts starting in August 2022 . . . occurred AFTER [she] filed [an] EEOC charge." Obj. 1. Plaintiff contends that this delay "caused me to lose the ability to check the box for union discrimination" when submitting the EEOC charge in December 2022. Obj. 1. Upon its *de novo* review, the Court finds that plaintiff's failure to exhaust her federal discrimination claims is unexcused and therefore agrees with Magistrate Judge Kuo in denying the Motion on this ground.

Plaintiffs, whether proceeding *pro se* or counseled, must "exhaust [their] administrative remedies before filing suit in federal court." *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 384 (2d Cir. 2015). The exhaustion requirement is a non-jurisdictional precondition subject to equitable defenses. *Id.*; *see also Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 550 (2019) ("Title VII's charge-filing requirement is not of jurisdictional cast."). In other words, plaintiffs who "failed to file any administrative charge" or "filed a charge with the proper agency, but failed to include the additional federal claim in the charge" may raise a defense explaining why it would be fair for the Court to excuse their failure to do so. *Casseus v. New York Coll. of Health Pros.*, No. 15-cv-01914, 2016 WL

5

7029157, at *11 (E.D.N.Y. Nov. 10, 2016), *report and recommendation adopted*, 2016 WL 7017364 (E.D.N.Y. Dec. 1, 2016).

Equitable defenses include "waiver, estoppel, and equitable tolling." *Casseus*, 2016 WL 7029157, at *11. Most such defenses apply in circumstances where, like here, a plaintiff filed an EEOC charge "but failed directly to address" the claim she now seeks to raise. *Tillman v. Luray's Travel*, 137 F. Supp. 3d 315, 326 n.9 (E.D.N.Y. 2015). A plaintiff may be excused from failing to exhaust her administrative remedies "where the claims: (1) concern conduct that falls within the scope of an EEOC investigation that can reasonably be expected to grow out of the charge; (2) allege retaliation for filing the charge; or (3) concern further incidents of discrimination carried out in precisely the same manner alleged in the charge." *Id.* (citing *Terry v. Ashcroft*, 336 F.3d 128, 151 (2d Cir. 2003)); *see also Friel v. Cnty. of Nassau*, 947 F. Supp. 2d 239 (E.D.N.Y. 2013).

Plaintiff's contention that she discovered facts relating to her EEOC claim after filing the charge does not indicate that she was subjected to retaliation for filing the charge (the second *Terry* factor) or that further discrimination occurred in the same manner after she filed the charge (the third *Terry* factor). *See* Obj. 1. Nor does the Court find support for those factors on a liberal reading of plaintiff's proposed amended complaint. The proposed amended complaint alleges that "after OTG received [the] EEOC notice, on De[c] 27, 2022 they alleged that I'm still employed full time and they have evidences to prove that." Proposed Am. Compl. 2, ECF No. 64-1. While that could arguably support continuing discrimination or possibly retaliation after the charge, it neither supports plaintiff's Motion to add a *discrimination* claim against the *Union Defendants* (rather than OTG) nor suggests discrimination in "precisely the same manner" as the charge

6

against OTG. *See Tillman*, 137 F. Supp. 3d at 326 n.9. Accordingly, the second and third *Terry* factors are inapplicable.

However, the Court liberally construes plaintiff's Objection to raise an equitable defense falling into the first of the three *Terry* categories. Nonetheless, plaintiff's objection on this ground fails for two reasons.

As an initial matter, plaintiff's Motion did not raise this argument regarding facts discovered after filing the EEOC charge, despite citing to the proposed amended complaint—which was attached to the Motion—in support of her objection. Obj. 1 (noting "please see the exhibit attached to my complaint"). Plaintiff therefore could have, but did not, raise this argument before the Magistrate Judge. For that reason alone, the Court could reject plaintiff's argument on this basis. *See Carpenters*, 335 F. Supp. 3d at 351 (explaining that "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not").

But even if plaintiff had properly raised this argument in her Motion, it would still fail as a matter of law. Plaintiff's allegations that the Union Defendants discriminated against her based on gender, age, national origin, color, and race would not necessarily grow out of the EEOC's investigation of plaintiff's *employer* for discrimination based on those protected characteristics. As Magistrate Judge Kuo correctly determined, the EEOC charge does not reference or otherwise implicate the Union Defendants. R&R 8–9 (finding plaintiff "has not demonstrated a sufficient 'identity of interest' between the Union Defendants and OTG," nor did she "allege what the Union Defendants did or did not do to discriminate against her, and how those actions or omissions were motivated by discrimination as proscribed by federal law" in the body of the EEOC charge). In fact,

7

plaintiff indicated in the EEOC charge that she "d[id not] know what the union is." Proposed Am. Compl. 31, ECF No. 64-1. This is similar to the circumstance in *Thomas v. Buffalo Club*, in which a district court rejected plaintiff's equitable defense in part because he did not know of the proposed additional defendant prior to discovery in the civil litigation. *Thomas v. Buffalo Club*, No. 17-cv-1050, 2021 WL 716703, at *3 (W.D.N.Y. Feb. 24, 2021). Here, plaintiff contends that she learned of additional facts supporting a discrimination claim against the Union Defendants sometime after she filed her EEOC charge. Obj. 1. Yet plaintiff has not demonstrated that her claim against the Union Defendants for discrimination would "fall[] within the scope of an EEOC investigation that can reasonably be expected to grow out of the charge" she filed. Accordingly, her failure to exhaust her administrative remedies is unexcused.

II. <u>Objection: Allegations of Discrimination</u>

Plaintiff also objects to the R&R's recommendation regarding her potential state or municipal discrimination claims against the Union Defendants. She implies that Magistrate Judge Kuo failed to consider that her "union representative . . . has all my information, including my name, race, national origin, gender, and age which is over 40" and "has rejected [her] attempts to communicate with him regarding the shady termination process as a Unionized employee." Obj. 1. More specifically, plaintiff contends that the "union often [does] not fight the layoffs or termination of those employees or at least investigate their terminations." Obj. 1. Because plaintiff provides no basis to find that such arguments are based on factual allegations in the proposed amended complaint, or that they would withstand a Rule 12 analysis, the Court rejects plaintiff's second basis for objecting to the R&R.

Magistrate Judge Kuo denied plaintiff's Motion as to these claims on the basis that she "has not alleged sufficient facts to avoid dismissal" of those claims and amendment would therefore be "futile." R&R 12. "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). As Magistrate Judge Kuo correctly noted, "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." R&R 4 (citing *IBEW*, 783 F.3d at 389).

In order to survive a motion to dismiss, a plaintiff must state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff pleads a plausible claim if she alleges facts that allow the Court to reasonably infer that the defendant is legally accountable for the actions described in the complaint. *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011). The Court will not accept conclusory statements, *Iqbal*, 556 U.S. at 678, but it will hold a *pro se* plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

Here, plaintiff's objection fails for two reasons. First, rather than put forth legal arguments based on her proposed pleading, plaintiff's Objection merely states new factual allegations. Those allegations are absent from the proposed amended complaint. *See* R&R 10 (listing factual allegations in plaintiff's proposed amended complaint). Second, even if the Court were to construe plaintiff's Objection as including proposed allegations—which

9

would be procedurally improper—the claims would still not survive the motion to dismiss standard.

Even a liberal construal of plaintiff's proposed amended complaint does not support a discrimination claim against the Union Defendants. As Magistrate Judge Kuo correctly reasoned, plaintiff's allegations of discrimination present conclusory statements that fail to "connect the Union Defendants' action or inaction to illegal discrimination or any discriminatory animus." R&R 12. Plaintiff's additional statements in the Objection do not resolve that deficiency. Specifically, her allegations that the union representative knew of her protected characteristics and rejected her communications, and that the union does not investigate or defend layoffs for employees similarly situated, Obj. 1, are again conclusory. That is, plaintiff's proposed amended complaint, construed liberally to include the statements contained in the Objection, does not provide a factual basis on which the Court could find that the Union Defendants engaged in unlawful discrimination. Accordingly, plaintiff's proposed amendment fails to state a claim "that is plausible on its face," *Iqbal*, 556 U.S. at 678, and would therefore be futile.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Motion is **DENIED** insofar as plaintiff may not add any new claims of discrimination against the Union Defendants or seal witness names and **GRANTED** insofar as she may amend the operative complaint to include additional factual allegations concerning her claim against

the Union Defendants for breach of the duty of fair representation and correct the erroneous date in paragraph 10 of the third amended complaint, ECF No. 37. Plaintiff shall file an amended complaint in accordance with this Order by January 13, 2025.

**SO ORDERED.**

    /s/ *Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:    December 23, 2024
              Brooklyn, New York