UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MAY ZAKI,

                    *Plaintiff*,

– against –

OTG MANAGEMENT LLC; OTG JFK T5 VENTURE, LLC; LAUNDRY, DISTRIBUTION, AND FOOD SERVICE JOINT BOARD; WORKERS UNITED,

                    *Defendants*.

**MEMORANDUM & ORDER**
23-cv-08189 (NCM) (PK)

---

**NATASHA C. MERLE**, United States District Judge:

    This Court has received the Report and Recommendation ("R&R") dated April 14, 2025 from the Honorable Peggy Kuo, United States Magistrate Judge, recommending denial of plaintiff's request for leave to amend her Fourth Amended Complaint. ECF No. 118. Plaintiff timely objected to the R&R. Objection ("Obj."), ECF No. 125. For the reasons stated below, the Court overrules plaintiff's objections and adopts the R&R in its entirety.

**BACKGROUND**

    On October 30, 2023, Plaintiff brought this action against her former employer, OTG JFK T5 Venture, LLC and OTG Management LLC (collectively "OTG Defendants") and her former union representative for alleged discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act of 1967, 28 U.S.C. §§ 621–634; and the Americans with Disabilities Act

1

of 1990, 42 U.S.C. §§ 12101–12113. Compl. 1–4, ECF No. 1.[1] Between January 5, 2024 and March 1, 2024, plaintiff amended her complaint three times, naming additional defendants and adding related legal claims. *See* ECF No. 11 (first amended complaint); ECF No. 22-2 (second amended complaint, as construed by Order dated Feb. 14, 2024); ECF No. 37 (third amended complaint, as construed by Order dated March 8, 2024). On July 1, 2024, plaintiff moved for leave to amend her complaint for a fourth time. ECF No. 64. The Court denied plaintiff's motion insofar as plaintiff sought to add new claims of discrimination and seal witness names, but granted the motion insofar as plaintiff sought to include new factual allegations concerning a breach of duty of fair representation claim and change one erroneous date. ECF No. 95.

Plaintiff filed a proposed Fourth Amended Complaint ("Proposed FAC") on January 14, 2025. ECF No. 99. The Proposed FAC added new factual allegations and raised for the first time a Fair Labor Standards Act ("FLSA") claim against the OTG Defendants. Proposed FAC 2. Defendants filed a motion to strike the Proposed FAC "to the extent that any new or additional allegations or claims are asserted against the OTG Defendants." ECF No. 101 at 1. Magistrate Judge Kuo granted the motion to strike, *see* Order dated Jan. 24, 2025, and for the sake of clarity docketed a revised version of the Proposed FAC with the impermissible content stricken, ECF No. 107. Magistrate Judge Kuo deemed this revised version the operative Fourth Amended Complaint ("FAC"). ECF No. 107.

On February 14, 2025, Plaintiff requested leave to file a Fifth Amended Complaint "solely to add" a FLSA claim. ECF No. 111. By R&R, Magistrate Judge Kuo recommended

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers in ECF filing headers.

2

that the Court deny plaintiff's request. *See* R&R 1, ECF No. 118. The Court granted plaintiff's motion for an extension of time to file an objection to the R&R. *See* Order dated Apr. 23, 2025. Plaintiff timely filed an objection, *see* Obj., and OTG Defendants filed an opposition to plaintiff's objection, *see* ECF No. 124.

## STANDARD OF REVIEW

The Second Circuit has not clarified whether a "motion to amend is considered dispositive or non-dispositive for purposes of whether a Magistrate Judge's ruling" should be reviewed pursuant to Federal Rule of Civil Procedure 72(a) or (b). *Covet & Mane, LLC v. Invisible Bead Extensions, LLC*, No. 21-cv-07740, 2023 WL 6066168, at *5 (S.D.N.Y. Sept. 18, 2023) (noting that the Second Circuit has suggested "that a motion to amend is non-dispositive, [but] it has yet to explicitly hold so").[2] Many courts split the difference: a ruling denying a motion to amend is reviewed as a dispositive order pursuant to Rule 72(b), while a ruling granting a motion to amend is reviewed as a non-dispositive order pursuant to Rule 72(a). *See, e.g.*, *Ashford Locke Builders v. GM Contractors Plus Corp.*, No. 17-cv-03439, 2020 WL 6200169, at *1 (E.D.N.Y. Oct. 22, 2020). Here, Magistrate Judge Kuo recommended denial of the motion to amend. Accordingly, the Court reviews the R&R as a dispositive ruling pursuant to Rule 72(b).

Under Rule 72(b), the Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Proper objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 350 (E.D.N.Y. 2018). Meanwhile, portions of a report and

---

[2] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

recommendation that have not been properly objected to are reviewed for "clear error on the face of the record." *Park v. Kim*, No. 20-cv-02636, 2022 WL 3643966, at *2 (E.D.N.Y. Aug. 24, 2022), *aff'd*, 91 F.4th 610 (2d Cir. 2024). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge" are not proper objections and thus "are reviewed for clear error." *Sosa v. New York City Dep't of Educ.*, 368 F. Supp. 3d 489, 494 (E.D.N.Y. 2019).

Documents filed by *pro se* parties must be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008). "Nonetheless, even a *pro se* party's objections to [an R&R] must be specific . . . , such that no party be allowed a second bite at the apple by simply re-litigating a prior argument." *Pizarro v. Gomprecht*, No. 10-cv-04802, 2013 WL 990997, at *2 (E.D.N.Y. Mar. 13, 2013).

Here, plaintiff largely "reiterates [her] original arguments," "makes only conclusory or general objections," and does not directly object to any specific portions of the R&R. *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018). As a result, this Court must review the R&R only for clear error. Nevertheless, given plaintiff's *pro se* status, the Court also conducts a de novo review of the R&R.

## DISCUSSION

Magistrate Judge Kuo recommended denying plaintiff's request for leave to amend her FAC for two reasons: first, that granting plaintiff leave to add a FLSA claim at this late stage would cause OTG Defendants prejudice, and second, that the proposed amendment could not withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and thus would be futile. *See* R&R 2. The Court addresses each in turn.

I.  Prejudice to OTG Defendants

Plaintiff's objection does not challenge Magistrate Judge Kuo's finding that granting plaintiff's request would cause prejudice to the OTG Defendants. While the Court should "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), a court may deny a motion to amend if allowing the proposed amendment will cause "undue prejudice to the opposing party," *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

The Court agrees with Magistrate Judge Kuo's finding that adding a FLSA claim at this stage would cause the OTG Defendants prejudice. Discovery in this matter commenced more than a year ago, "[d]epositions have been completed, including of [p]laintiff," and discovery is "set to be completed very soon." R&R 2.[3] Plaintiff's request to now raise an entirely new and only tenuously related claim would prolong discovery and likely require additional depositions, including of witnesses previously deposed. Prejudice can be found when, among other circumstances, the motion to amend comes after many months of pre-trial activity or "the amendment brings entirely new and separate claims." *State Farm. Mut. Auto Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148–49 (E.D.N.Y. 2007); *see also United States ex rel. Raffington v. Bon Secours Health Sys.*, 285 F. Supp. 3d 759, 771 (S.D.N.Y. 2018) (denying sixth motion to amend after lengthy document discovery had "virtually concluded"). Both circumstances are present here.

Plaintiff also does not provide a satisfactory explanation for her failure to assert a FLSA claim previously. She does not "contend that these are newly-discovered allegations

---

[3] Parties were in the "final phase of discovery" as of March 4, 2025. Minute Entry and Order dated Mar. 4, 2025. As of August 6, 2025, "discovery is nearly concluded." Minute Entry and Order dated Aug. 6, 2025.

5

of which she had previously been unaware." R&R 2. And while plaintiff understandably explains that her pro se status "has contributed to [her] unintentionally missing various rights in this matter," Obj. 2, not until January 2025—fourteen months after plaintiff first sued—did plaintiff even gesture that wage-and-hour issues governed by the FLSA were involved, *see* Proposed FAC (filed January 14, 2025). Plaintiff has thus failed to a provide a compelling reason why this Court should consider new allegations she did not raise in her prior amended complaints. Whether reviewing for clear error or de novo, the Court agrees with Magistrate Judge Kuo that leave to amend should be denied based on prejudice to the OTG Defendants.

II.  Futility of Plaintiff's Proposed Amendment

Magistrate Judge Kuo also found that plaintiff's proposed amendment would be futile on two grounds: (1) that plaintiff's claim regarding "excessive side work as a tipped employee" lacks sufficient detail about the length and frequency of her unpaid work, and (2) that plaintiff fails to allege that any violations accrued specifically within the FLSA's statute of limitations. R&R 2; *see* 29 U.S.C. § 255(a). The Court agrees that plaintiff's proposed amendment would be futile for both reasons.

"Proposed amendments are futile if they would fail to . . . state a claim under Rule 12(b)(6)." *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Plaintiff's objections do not address Magistrate Judge Kuo's determination that her proposed amendment would fail to state a claim under Rule 12(b)(6). Instead, plaintiff attempts to further support her proposed claims with new factual allegations concerning unpaid overtime, insufficient breaks, and retaliatory discipline. Generally, "the submission of new evidence in conjunction with objections to [a] Report and Recommendation should not be permitted."

6

*VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 368 (E.D.N.Y. 2014). Even considering these factual allegations, however, plaintiff has failed to state a claim that would survive a Rule 12(b)(6) motion to dismiss.

### A. Plaintiff's Allegations Lack Sufficient Detail

#### 1. Improper Compensation

Plaintiff's objections assert that she was not properly compensated for her work, including that she was assigned tasks "without proper training or compensation" and that she "frequently worked off the clock without overtime pay." Obj. 1–2. Under the FLSA, non-exempt employees must be compensated at a minimum of $7.25 per hour between wages and tips. See 29 U.S.C. §§ 203(m), 206(a). Moreover, "for any hours worked in excess of forty per week," the employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); 29 U.S.C. § 207(a)(1). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). The Second Circuit has "taken care not to foreclose relief to plaintiffs who neglected to keep careful records" and does not necessarily require plaintiffs "to provide a week-by-week recounting of the hours they worked." *Herrera v. Comme des Garcons Ltd.*, 84 F.4th 110, 115 (2d Cir. 2023). However, a plaintiff must still plead FLSA overtime claims with "specificity." *Id.* This pleading standard is unmet if all that plaintiff alleges is that "at some undefined period in [her] employment [she] worked more than forty hours in a single week." *Id.* at 116–17.

Plaintiff's general assertions that she was "required to work off the clock after scheduled shifts without proper compensation" and that she "frequently worked off the clock without overtime pay" do not provide sufficient specificity to state a plausible FLSA overtime claim. Obj. 2. These claims are "too vague and unhelpful for putting a defendant on notice of the alleged violation." *Herrera*, 84 F.4th at 117. Plaintiff does assert that her "average weekly overtime was 7 hours, and on Fridays and Saturdays, [she] worked up to 11 hours each day." Obj. 2. But a valid FLSA overtime claim must be based on more than "general and conclusory allegation as to the number of hours *routinely* worked." *Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, 169 F. Supp. 3d 489, 496 (S.D.N.Y. 2016) (emphasis added). Plaintiff has not alleged the "number of weeks" during which her employer "improperly calculated her overtime pay, nor which weeks they were." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.4 (2d Cir. 2013). To be sure, the Second Circuit has permitted plaintiffs to maintain FLSA overtime claims without identifying specific violative weeks where plaintiffs worked more than forty hours per week as part of their "regularly scheduled workweek." *Herrera*, 84 F.4th at 117. Unlike the workers in *Herrera*, however, plaintiff does not allege that her uncompensated overtime occurred as part of a regularly scheduled workweek. The bare allegation that plaintiff incurred ad hoc overtime hours averaging 7 hours per week, some or all of which was allegedly compensated improperly, fails to provide the "specificity" required for FLSA overtime claims even under *Herrera*. *Id.* at 115.

Plaintiff's claim that she worked "up to 11 hours" on Fridays and Saturdays fails to state a cognizable claim under the FLSA. Obj. 2. The Act requires overtime compensation only for hours worked in excess of 40 hours per week. *See* 29 U.S.C. § 207(a)(1). Plaintiff's statements that she worked a certain number of hours on certain days (totaling less than

8

40) does not show that she worked "40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 45 (E.D.N.Y. 2015) (noting that, unlike some state laws, the FLSA does not provide a so-called "spread-of-hours" claim requiring overtime pay for employees who work more than a given number of hours in one day).

Plaintiff's assertions regarding breaks, including that she "was rarely afforded proper breaks" and that she "worked off the clock during breaks," likewise fail to state a claim that could survive a Rule 12(b)(6) motion to dismiss. Obj. 1–2. Plaintiff's claim that she "was rarely afforded proper breaks" is not cognizable under the FLSA, which "does not require that [an employer] provide its employees meal periods and breaks." *Gordon v. Kaleida Health*, 299 F.R.D. 380 (W.D.N.Y. 2014). Though being required to work off the clock during unpaid break time could in theory be a violation of the FLSA, plaintiff's objections do not alter Magistrate Judge Kuo's finding that plaintiff has not provided "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference" that she was not paid for all hours worked. R&R 2 (quoting *Butt v. HF Mgmt. Servs., LLC*, No. 18-cv-07017, 2020 WL 207393, at *2 (E.D.N.Y. Jan. 14, 2020)).

Plaintiff's final basis for improper compensation is that as a tipped employee, she "spent over 30% of [her] time performing non-tip-producing duties." Obj. 2. This, too, is not a cognizable claim under the FLSA. The FLSA requires employers to pay employees a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). Under the FLSA's tip credit provision, an employer may pay a tipped employee a lower direct wage so long as the employee's direct wages and tips amount to the minimum wage. *See id.* § 203(m).

9

Plaintiff's assertion that she spent "over 30% of [her] time performing non-tip-producing duties" thus does not constitute a violation of the FLSA without any further allegation that plaintiff's net hourly compensation fell below $7.25 for specific periods.

    2. Retaliation

In addition to raising allegations regarding improper compensation, plaintiff's objections also allege that OTG Defendants "punish[] employees unfairly—especially those who are vulnerable or raise complaints—often through retaliation." Obj. 2. As an example, plaintiff asserts that she "was disciplined for eating" outside of break time even though she worked during breaks, "while other servers were allowed to eat without repercussion." *Id.* Under the FLSA's retaliation provision, it is unlawful for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter." 29 U.S.C. § 215(a)(3). Plaintiff, however, has not established even a *prima facie* case for a violation of this provision. *See Velazquez v. Yoh Servs., LLC*, 803 F. App'x 515, 517 (2d Cir. 2020) (citing *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-03 (1973)). To prevail on a FLSA retaliation claim, plaintiff must show "(1) participation in protected activity known to the defendant, such as the filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." *Id.* To engage in protected activity, an employee must make a complaint that is "sufficiently clear and detailed for a reasonable employer to understand it . . . as an assertion of rights protected by the statute and a call for their protection." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 531 U.S. 1, 14 (2011)). Plaintiff has made no allegation that she engaged in protected

activity known to the defendant, let alone activity that is causally connected to the alleged disciplinary action. Thus, she has not stated a claim for retaliation under the FLSA.

### B. *Plaintiff Has Not Alleged that Violations Occurred within the Statute of Limitations*

Plaintiff's new allegations are also deficient because of their timing. Plaintiff alleges that violations of the FLSA occurred at *some point*, but does not allege that any violation of the FLSA occurred specifically within the final eight days of her employment— the only period even potentially within the FLSA's statute of limitations. The FLSA contains a two-year statute of limitations for violations generally and a three-year statute of limitations for violations committed willfully. *See* 29 U.S.C. § 255(a); *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 318 (2d Cir. 2021). The final day of plaintiff's employment was, at the very latest, February 21, 2022. FAC 3.[4] Plaintiff sought leave to amend her complaint on February 14, 2025. Thus, even assuming that the alleged FLSA violations were willful, recovery would be foreclosed for any violation that occurred prior to plaintiff's final eight days of employment: February 14, 2022 through February 21, 2022. *See* R&R 2–3. The Federal Rules of Civil Procedure's pleading requirements "do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations." *Clark v. Hanley*, 89 F.4th 78, 93–94 (2d Cir. 2023). However, the R&R alerted plaintiff to the fact that she must allege violations that occurred in a specific eight-day period, and plaintiff has not even attempted to remedy this defect. *See* R&R 2–3.[5]

---

[4] Plaintiff alleges elsewhere in her Fourth Amended Complaint that her "last day of work was 2/14/22," in which case none of her alleged violations would fall within the relevant statute of limitations for willful violations. *See* FAC 39.

[5] The one paycheck plaintiff attached to her Proposed FAC indicates that she received retroactive compensation for 13.12 hours of overtime. This compensation is for a period outside of the relevant eight-day period. It is thus unclear whether plaintiff

11

Plaintiff claims only that violations occurred during some unspecified portions of her employment. Though it is conceivably possible that one or more of those alleged violations occurred in the final eight days, that hypothetical possibility, without more, is not enough to survive a Rule 12(b)(6) motion to dismiss.

The relation-back doctrine does not change this analysis. Under Federal Rule of Civil Procedure 15(c)(1)(B), an amended pleading relates back to the original pleading (and thus carries the date of the earlier pleading for statute of limitations purposes) if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." In the Second Circuit, to determine whether a claim arises out of the same conduct, "the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Avila v. Riexinger & Assocs., LLC,* 644 F. App'x 19, 23 (2d Cir. 2016) (citing *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006)). Plaintiff's original complaint and prior amended complaints focus on harassment, discrimination, and retaliation (though not retaliation specifically for protected activity under the FLSA), and make no mention of insufficient compensation. The only gesture in plaintiff's original complaint toward the issues she now seeks to litigate is the allegation that plaintiff was "pushed without training to do 5 positions [at] the same time . . . with zero experience." Compl. 5, ECF No. 1; *see* Obj. 5 ("I was required . . . to perform multiple positions simultaneously . . . without proper training or compensation.)" But the extent or difficulty of an employee's job duties while on the clock is not a cognizable claim under the FLSA,

---

alleges that she worked overtime during the relevant period and, if so, whether this overtime was uncompensated. *See* Proposed FAC 41.

12

and plaintiff's reference to "compensation" is absent in the original complaint. By bringing in allegations regarding hours worked, pay rates, and uncompensated time, "the amended complaint relies on a whole new set of facts . . . —operative facts not at issue in the original complaint." *Id.* Therefore, plaintiff's FLSA claims do not relate back to the claims raised in her initial complaint. *See Bilal-Edwards v. United Plan. Org.*, 15 F. Supp. 3d 1, 6 (D.D.C. 2013) (concluding that a proposed amended complaint adding FLSA claims did not relate back to an original complaint centered on age discrimination and whistleblower retaliation). The longest possible statute of limitations under the FLSA would thus cover at most the final eight days of plaintiff's employment.

Accordingly, whether reviewing for clear error or de novo, the Court agrees with Magistrate Judge Kuo's finding that plaintiff's proposed amendment would be futile.

## CONCLUSION

For the reasons stated above, the Court adopts the R&R, in its entirety, as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's Motion is **DENIED**.

**SO ORDERED.**

                                                */s/ Natasha C. Merle*
                                                NATASHA C. MERLE
                                                United States District Judge

Dated:       August 27, 2025
                Brooklyn, New York